**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **JEROME GABBERT, ET AL.** | \* | **CIVIL ACTION** |
| **VERSUS** | \* | **NUMBER: 06-10054**<br>**REF: ALL CASES** |
| **LEXINGTON INSURANCE COMPANY, ET AL.** | \* | **SECTION "L"(1)** |

### ORDER & REASONS

Before the Court is the Plaintiffs' Motion to Remand (Rec. Doc. 3). For the following reasons, the Plaintiffs' motion is now GRANTED IN PART. Accordingly, Martin Insurance Agency, Inc.'s ("Martin") Motion for Summary Judgment (Rec. Doc. 11) and the Plaintiffs' Motion to Continue and/or Motion to Stay Martin's Motion for Summary Judgment (Rec. Doc. 25) are DENIED AS MOOT.

**I.   BACKGROUND**

This case arises from a dispute regarding insurance coverage for the Plaintiffs' home located at 1521 Robert E. Lee Boulevard in New Orleans, Louisiana, which suffered damage as a result of Hurricane Katrina. The Defendants in this case are Lexington Insurance Company ("Lexington"), Martin Insurance Agency, Inc. ("Martin"), and Dawn Melancon, an insurance agent employed by Martin. On behalf of the Plaintiffs, Martin procured both a homeowners' policy from Lexington and a flood insurance policy from Travelers, issued pursuant to the National Flood Insurance Program.[1]

---

[1] Congress created this Program with the passage of the National Flood Insurance Act of 1968, Pub. L. No. 90-448, §§ 1301-1377, 82 Stat. 476, 572-89 (codified at 42 U.S.C. §§ 4001-

In October of 2006, the Plaintiffs filed the present action in the Civil District Court for the Parish of Orleans, State of Louisiana. The Plaintiffs allege they are entitled to payment from Lexington under their homeowners' policy for damages and losses to the property, in addition to bad-faith penalties under Louisiana law. The Plaintiffs also allege that Melancon and Martin made various misrepresentations and failed to procure adequate insurance.

Martin removed this case to federal court on November 16, 2006, contending that this Court has jurisdiction under either of the following provisions: (1) federal question jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 4072; or (2) diversity jurisdiction under 28 U.S.C. § 1332, because Martin and Melancon are improperly joined.[2] On December 15, 2006, the Plaintiffs filed the instant motion to remand.

## II.   LAW & ANALYSIS

The removing defendant bears the burden of demonstrating that federal jurisdiction exists and therefore that removal was proper. *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993). As a general matter, the removal statute is to be construed narrowly and in favor of remand to state court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941). Indeed, "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). Accordingly, all

---

4129).

[2] In fact, Martin only asserted federal question jurisdiction in its notice of removal. However, Lexington subsequently removed the same case on November 27, 2006, asserting both federal question and diversity jurisdiction. The case opened in this Court pursuant to Lexington's notice of removal, CA No. 06-10581, has been consolidated with this case. The Court has considered the arguments made by Lexington in support of federal jurisdiction in ruling on the instant motion to remand.

disputed questions of fact must be resolved in favor of the non-moving party. *See Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995).

### A.   Federal Question Jurisdiction

The National Flood Insurance Act grants federal courts original exclusive jurisdiction over lawsuits against the Director of FEMA for denials of claims made by insured individuals under their Standard Flood Insurance Policy ("SFIP"). *See* 42 U.S.C. § 4072. Section 4072 has been held to also apply to suits against private insurers who issue SFIPs under the Write Your Own Program. *See Wright v. Allstate Ins. Co.*, 415 F.3d 384, 389 (5th Cir. 2005); *Landry v. State Farm Fire & Cas. Co.*, 428 F. Supp. 2d 531, 532-36 (E.D. La. 2006).[3]

Courts in the Eastern District have consistently found that federal question jurisdiction exists when the plaintiff's claim relates to the handling of an SFIP. *See, e.g., Newman v. Allstate Ins. Co.*, No. 06-3757, 2006 WL 2632116 (E.D. La. Sept. 12, 2006); *Breakthrough Realty Unlimited, LLC v. Minor*, No. 06-2420, 2006 WL 2224753 (E.D. La. Aug. 2, 2006). But federal question jurisdiction does not exist when the plaintiff's claim relates only to the procurement of such a policy. *See, e.g., Landry*, 428 F. Supp. 2d at 532-36; *Richmond v. Chubb Group of Ins. Cos.*, No. 06-3973, 2006 WL 2710566, at *3-5 (E.D. La. Sept. 20, 2006). The Court finds that the Plaintiffs in this case have asserted claims related to the procurement of an SFIP, and thus that federal question jurisdiction does not exist.

### B.   Diversity Jurisdiction

The Defendants contend that this Court has diversity jurisdiction over this case because

---

[3] For a detailed discussion of the National Flood Insurance Act and SFIPs, see *Houck v. State Farm Fire & Casualty Co.*, 194 F. Supp. 2d 452, 454-55 (D.S.C. 2002).

complete diversity exists between the Plaintiffs and the properly joined Defendant, and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. § 1332.

Specifically, the Defendants assert that diversity jurisdiction exists because Melancon and Martin, the non-diverse defendants, were improperly joined and, therefore, that the Court must disregard their citizenship.  "The burden of proving a fraudulent joinder is a heavy one," and the burden is borne by the removing party.  *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1983).  The removing party can satisfy its heavy burden by demonstrating "that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court, or that there has been outright fraud in plaintiff's pleading of jurisdictional facts."  *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981).  However, "[i]f there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved, then there is no fraudulent joinder.  This possibility . . . must be reasonable not merely theoretical."  *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002); *see Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568, 574 (5th Cir. 2004).

In this case, the Plaintiffs allege that Melancon and Martin made various misrepresentations with respect to the Plaintiffs' need for insurance and failed to adequately procure requested coverage.  Without further factual development, the Court cannot conclude that the Plaintiffs have no possibility of recovery against the in-state defendants in this case.  *See, e.g., S. Athletic Club, LLC v. Hanover Ins. Co.*, No. 06-2605, 2006 WL 2583406 (E.D. La. Sept. 6, 2006).  Accordingly, the Court finds that Melancon and Martin were not improperly joined and, thus, that diversity jurisdiction does not exist in this case.  *See, e.g., Alfonso v. State*

*Farm Ins. Co.*, No. 06-6691, 2007 WL 119463 (E.D. La. Jan. 10, 2007).

### III.     CONCLUSION

For the foregoing reasons, IT IS ORDERED that the Plaintiffs' Motion to Remand is GRANTED IN PART and that this matter is hereby REMANDED to the Civil District Court for the Parish of Orleans, State of Louisiana.  However, the Plaintiffs' request for attorneys' fees and costs is DENIED.  IT IS FURTHER ORDERED that Martin's Motion for Summary Judgment and the Plaintiffs' Motion to Continue and/or Motion to Stay Martin's Motion for Summary Judgment are DENIED AS MOOT.

New Orleans, Louisiana, this   12th   day of   February  , 2007.

_____

UNITED STATES DISTRICT JUDGE